UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

ARTURO PALMA CORTEZ, a/k/a
Amigo,

　　　　　　　*Defendant-Appellant.*

No. 03-4179

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-166-H)

Submitted: July 18, 2003

Decided: August 13, 2003

Before WIDENER, WILKINSON, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Johnny S. Gaskins, Randolph J. Hill, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Arturo Palma Cortez appeals his 180-month sentence pursuant to a guilty plea for possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000), and possession of firearms by an illegal alien, in violation of 18 U.S.C. § 922(g)(5) (2000). On appeal, Cortez maintains that the district court erred in imposing a two-level enhancement for possession of a firearm during a drug trafficking offense and in its calculation of the amount of cocaine attributable to him. Finding no reversible error, we affirm.

Cortez first claims that the district court erred in applying a two-level upward adjustment to his base offense level for possession of a firearm during the course of the drug offense, pursuant to *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2002). This Court reviews the district court's factual findings that a dangerous weapon was possessed during the crime for clear error. *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997); *United States v. Rusher*, 966 F.2d 868, 880 (4th Cir. 1992). The Application Notes to USSG § 2D1.1 instruct that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment. (n.3). We find that the district court did not clearly err in finding that it was not clearly improbable that the weapon was connected with Cortez's possession with intent to distribute crack cocaine.

Cortez next contends the district court erred in calculating the drug amounts attributable to him at sentencing. Specifically, he complains that the only drugs that should have been attributable to him are those found in his possession when he was arrested and those found in his home. He maintains that Detective Haynes' testimony regarding Griffin's drug dealings with Cortez was not reliable and therefore should

not have provided the basis for any additional drugs being attributed to him.

The district court's determination of the drug quantity attributable to the defendant is a factual question reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). At sentencing, the government has the burden of proving the amount of drugs attributable to a defendant by a preponderance of the evidence. *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000). In calculating drug amounts, the court may consider any relevant information, provided that the information has sufficient indicia of reliability to support its probable accuracy. *United States v. Uwaeme*, 975 F.2d 1016, 1021 (4th Cir. 1992). Even hearsay alone can provide sufficiently reliable evidence of drug quantity. *Id.* at 1019. Furthermore, the sentencing guidelines do not demand precision; they recognize that the court often must approximate the amount of drugs, erring on the side of caution. *United States v. Cook*, 76 F.3d 596, 604 (4th Cir. 1996). We find that the court did not clearly err in its finding of the drug quantity attributable to Cortez at sentencing.

Accordingly, we affirm Cortez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*